**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JESSICA FEATHERSTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-697 |
| | § | |
| TRANS-SIBERIAN ORCHESTRA, | § | |
| INC., *et al.* | § | |
| | § | |
| *Defendants.* | § | JURY TRIAL DEMANDED |

**PLAINTIFF JESSICA FEATHERSTON'S
RULE 12(f) MOTION TO STRIKE**

Plaintiff Jessica Featherston moves under Federal Rule of Civil Procedure 12(f) to strike Defendant Production Resource Group, LLC's (PRG's) Answer, Doc. 1-4 at 75–79, and Defendant Showpay, LLC's (Showpay's) Answer, Doc. 1-4 at 80–84, because they are insufficient general answers.

**BACKGROUND**

Featherston alleges that Defendants PRG and Showpay's handling of workplace conflict between Featherston and Robertson, a colleague, violated state and federal anti-discrimination laws and constituted a breach of contract. *See generally* Doc. 1-4 at 2–29. Featherston filed charges of discrimination with the Texas Workforce Commission against both entities. *See* Exs. A, B. Showpay responded by admitting some of the facts underlying the charge but denying that discrimination occurred. *See* Ex. C. PRG did not respond to the charge.

After receiving notice of her right to sue from the Texas Workforce Commission and the Equal Employment Opportunity Commission, Featherston filed this lawsuit in Texas state court against PRG, Showpay, and three other Defendants. *See* Doc. 1-4 at 2. PRG and Showpay filed answers in state court that "generally denie[d] the allegations" in Featherston's Complaint without responding to any specific allegations. *See* Doc. 1-4 at 75, 80. All Defendants filed a joint notice of removal thereafter. *See* Doc. 1.

## STANDARD OF REVIEW[1]

A "Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

## ARGUMENT

In answering a complaint, a party may plead a general denial if that party "intends in good faith to deny all the allegations" in the complaint. FED. R. CIV. P. 8(b)(3). Otherwise, the answering party "must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id.* "General denials are uncommon in federal court because situations in which the complaint can be completely controverted are quite rare." *Mary Kay, Inc. v. Dunlap*, 2012 WL 2358082, at *7 (N.D. Tex. June 21, 2012) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1265, at 549 (3d ed. 2004)). "This means that

---

[1] Unless otherwise indicated, this motion adds all emphasis and omits all internal citations and quotation marks in quoted materials.

an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases." 5 Wright & Miller, *Federal Practice and Procedure* § 1265, at 549. If a general denial is improperly made, the general denial will be stricken. *Mary Kay, Inc.*, 2012 WL 2358082, at *8. Like other federal pleading standards, the restriction on general denials applies in a removed case if the opposing party "challenge[s] the pleadings." *Pena v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018); *see also* FED. R. CIV P. 7(a)(2) (defining an answer as a pleading).

Despite claiming to "generally den[y] the allegations" in Featherston's Complaint, *see* Doc. 1-4 at 75, 80, PRG and Showpay do not contest every allegation. In the prior proceeding before the Texas Workforce Commission, Showpay admitted many of the basic facts alleged in the Complaint—including its employment of Featherston, *see* Ex. C at 2–3, the fact that Featherston and Robertson worked together, *see id.* at 3, and the fact that Featherston complained about Robertson's behavior in the women's shower room, *see id.* at 4. And in their filings before this Court, PRG and Showpay have continued to acknowledge basic facts alleged in the Complaint. For example, PRG's certificate of interested persons explains that "PRG is a limited liability company formed in the state of Delaware." Doc. 5 at 1; *see also* Doc. 1-4 at 3 ("PRG is a limited liability company incorporated in Delaware."). Showpay's certificate of interested persons states that "Showpay is a limited liability company formed in the state of Delaware" and that "Showpay is a direct wholly-owned subsidiary of [PRG]." Doc. 4 at 1; *see also* Doc. 1-4 at 3 ("Showpay is PRG's

3

wholly owned subsidiary . . . . Showpay is a limited liability company incorporated in Delaware.").

A general denial is inappropriate here because PRG and Showpay cannot deny all allegations in good faith. *See generally* Ex. C (admitting aspects of Featherston's allegations); Docs. 4, 5 (same). "Even if [Defendants] intend[] to deny parts of the allegations . . . Rule 8(b)(4) requires [them] to 'admit the part that is true and deny the rest.'" *Mary Kay, Inc.*, 2012 WL 2358082, at *8. Therefore, PRG and Showpay's answers must be stricken. *Id.*

## CONCLUSION AND PRAYER

The Court should grant the Motion to Strike and require PRG and Showpay to replead.

Respectfully submitted,

MURPHY BALL STRATTON LLP

 /s/ Michelle Stratton
Michelle Stratton (SBN 24085606)
Rick Houghton (SBN 24121678)
Conor Harvey (SBN 24120883)
Christian McGuire (SBN 35334)
1001 Fannin Street, Suite 720
Houston, Texas 77002
Phone: (713) 594-9989
mstratton@mbssmartlaw.com
rhoughton@mbssmartlaw.com
charvey@mbssmartlaw.com
cmcguire@mbssmartlaw.com

AMERICA FIRST LEGAL FOUNDATION

Nicholas Barry*
Laura Stell*
611 Pennsylvania Avenue SE #231
Washington, DC 20003

Phone: (202) 964-3721
nicholas.barry@aflegal.org
laura.stell@aflegal.org

Independent Women's Forum

Beth Parlato*
1802 Vernon Street NW, Suite 1027
Washington, D.C. 20009
Phone: (202) 807-9986
beth.parlato@iwf.org

**ATTORNEYS FOR PLAINTIFF**

*\*Pro hac vice pending*

## CERTIFICATE OF CONFERENCE

I, Christian McGuire, certify that I conferred with Jessica Mason, counsel for PRG and Showpay, via email regarding the relief requested in this Motion on April 8, 2025. Agreement could not be reached because counsel for PRG and Showpay opposes the relief sought.

*/s/ Christian McGuire*
Christian McGuire

## CERTIFICATE OF SERVICE

I served this memorandum by CM/ECF on all counsel of record on April 14, 2025.

*/s/ Christian McGuire*
Christian McGuire